# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Chelsea N. Combs, | ) |
| Plaintiff, | ) Case No.: 1:18-cv-00647 |
| vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Karen L. Litkovitz |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's January 22, 2020 Report and Recommendation ("R&R"), in which she recommends that the decision of the Commissioner be affirmed and this matter terminated on the docket of the Court. (Doc. 15).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff timely filed objections to the Magistrate Judge's R&R. (Doc. 16).

1

**I.     SUMMARY OF R&R**

The Magistrate Judge recommends that the Commissioner's decision denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) be affirmed.  (Doc. 15 at PageID 1105, 1133).  In making that recommendation, she determined that the two specific errors identified by Plaintiff should be overruled:  namely (1) the ALJ erred in finding, at Step Three of the sequential evaluation process, that her mental impairments did not meet Listing 12.05B, "Intellectual disorder" (*id.* at PageID 1116–1130); and (2) the ALJ erred, at Step Five of the sequential evaluation process, by failing to show that Plaintiff could sustain full-time competitive employment without the assistance of a job coach or frequent over-the-shoulder supervision (*id.* at PageID 1130–1133).

**II.    ANALYSIS OF OBJECTIONS**

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Plaintiff appears to lodge three objections.  The first two relate to the Magistrate Judge's failure to overrule the ALJ's Step Three finding.  As noted by the Magistrate Judge, an "Intellectual disorder" meets Listing 12.05B when all three of the following criteria are satisfied:

   1. Significantly subaverage general intellectual functioning evidenced by a or b:

      a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

  b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

  a. Understand, remember, or apply information (see 12.00E1); or
  b. Interact with others (see 12.00E2); or
  c. Concentrate, persist, or maintain pace (see 12.00E3); or
  d. Adapt or manage oneself (see 12.00E4); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

(Doc. 15 at PageID 1118 (quoting 20 C.F.R. Part 404, Subpt. P, App. I, 12.05B (effective beginning Aug. 22, 2017))). And, as further noted by the Magistrate Judge:

> [T]he ALJ determined that plaintiff did not meet all of the requirements of Listing 12.05B. (Tr. 18). First, the ALJ found the results of three intelligence tests administered to plaintiff over a two-year period by Drs. Basil, Harris, and Schmidtgoessling were not reliable because <u>they varied substantially</u>. (*Id.*). The ALJ further found that none of the results appeared to reflect plaintiff's actual ability, and <u>the psychologists who administered the tests seemed to question the results</u>. (*Id.*).

(*Id.* at PageID 1120 (emphases added)). The Magistrate Judge's review of the record confirmed that, "[b]ased on the significant variance in the[ ] scores, the ALJ reasonably questioned whether the reported IQ scores were reliable." (*Id.* at PageID 1121). By way of "objection" and referring the undersigned to pinpoint citations within her Statement of Errors, Plaintiff states she "disagrees" with the Magistrate Judge "that

3

these doctors significantly questioned the validity of their assigned IQ scores." (Doc. 16 at PageID 1136).

"A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Because Plaintiff's first objection falls squarely within the definition of a general objection, it must be, and is, overruled. *See Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

Plaintiff's second objection takes issue with the Magistrate Judge's conclusion—again relating to the first criterion—that, "considered as a whole, the school reports support the ALJ's finding that plaintiff's IQ scores were not reflective of her true intellectual functioning." (Doc. 15 at PageID 1124). Plaintiff relies on the fact that, as conceded by the Magistrate Judge, she required "accommodations" and received special education services. She then extrapolates, without citation to any authority, that "an individual who required special accommodations in the workplace would not likely be able to sustain full-time competitive employment." (Doc. 16 at PageID 1136). Plaintiff fails to mention, however, the Magistrate Judge's reference to the fact that 79%

of Plaintiff's time was spent in a regular classroom and, albeit with accommodation, she passed all of her Ohio 10th-grade proficiency tests. (Doc. 15 at PageID 1124).

Plaintiff's second objection also takes issue with the ALJ's finding that Plaintiff failed to satisfy the third criterion of Listing 12.05B by showing that her intellectual disability manifested prior to age 22. The Magistrate Judge concluded that the ALJ cited substantial evidence in support of that finding, noting initially that the June 2014 eligibility assessment (on which a box is checked that indicates the disability manifested before age 22) "was generated when plaintiff was age 24" and the basis for a finding regarding the onset of disability was "unclear." (*Id.* at PageID 1128). "The ALJ instead reasonably relied on contemporaneous school records and therapy notes which indicated a 'reasonable level of functioning' to find that plaintiff did not suffer from an intellectual disability which manifested before age 22." (*Id.* (citations to the record omitted)). To this end, the Magistrate Judge again made reference to the fact that plaintiff spent "the majority of time in a regular classroom[,]" "achieved above average grades throughout high school with accommodations that were fairly limited in scope," and "passed all sections of the Ohio graduation test." (*Id.* at PageID 1129). The eligibility assessment in and of itself—in the face of Plaintiff's academic record—does not undermine the ALJ's finding, a determination that the Magistrate Judge supports with citation to Sixth Circuit caselaw. (*Id.* at 1129–1130). Plaintiff's second objection, therefore, is overruled.

Plaintiff's third, and last, objection concerns the Magistrate Judge's failure to overrule the ALJ's Step Five Finding. Preliminarily, and to address Plaintiff's suggestion otherwise, the Magistrate Judge properly articulated the legal framework for disability

5

determinations.  That is, the claimant has the burden of proof at the first four steps of the sequential evaluation process, and, once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy.  (*Id.* at PageID 1107 (citing cases)).  At no point in her report does the Magistrate Judge indicate that the burden at Step Five rests with the claimant.

Plaintiff argued before the Magistrate Judge that the ALJ "erred by omitting the accommodation of a job coach or frequent over-the-shoulder supervision from the hypothetical to the [Vocational Expert]."  (*Id.* at PageID 1130–1131).  The Magistrate Judge noted the applicable law, that "the ALJ's hypothetical question must include only the alleged limitations of the claims which the ALJ reasonably accepts as credible and that are supported by the evidence."  (*Id.* at PageID 1131 (citing cases)).  She noted further Plaintiff's failure to "point[ ] to opinion or other evidence that demonstrates she required a job coach or over-the-shoulder supervision to perform sustained competitive employment."  (*Id.* at PageID 1132).  "Rather, the ALJ relied on substantial medical and other evidence to find that plaintiff's function improved over time with counseling and medication, and she did not require a job coach to retain her job."  (*Id.*).

The Court has compared Plaintiff's Statement of Errors with Plaintiff's Objections—the text is identical.  (*Cf.* Doc. 9 at PageID 1074–1075 *with* Doc. 16 at PageID 1137).  Plaintiff has thus lodged another general objection, which merits no further consideration by the Court.  *See supra Renchen*, 2015 WL 1097349, at *6.  Thus, Plaintiff's third objection is overruled.

### III. CONCLUSION

Based on the foregoing, the Court hereby **ACCEPTS** and **ADOPTS** the Magistrate Judge's January 22, 2020 R&R. (Doc. 15). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court